**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

JUL 21 2020

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JOSE YAPILA DANIEL, | No. 19-72228 |
| Petitioner, | |
| v. | Agency No. A215-672-418 |
| WILLIAM P. BARR, Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted July 14, 2020[**]

Before:    CANBY, FRIEDLAND, and R. NELSON, Circuit Judges.

Jose Yapila Daniel, a native and citizen of Angola, petitions pro se for

review of the Board of Immigration Appeals' order dismissing his appeal from an

immigration judge's decision denying his application for asylum, withholding of

removal, and relief under the Convention Against Torture ("CAT").  We have

jurisdiction under 8 U.S.C. § 1252.  We review for substantial evidence the

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

agency's factual findings, applying the standards governing adverse credibility determinations created by the REAL ID Act. *Shrestha v. Holder*, 590 F.3d 1034, 1039-40 (9th Cir. 2010). We deny the petition for review.

Substantial evidence supports the agency's adverse credibility determination where Daniel testified that he was beaten during his detention but omitted any mention of beatings during his credible fear interview. *See Silva-Pereira v. Lynch*, 827 F.3d 1176, 1185-86 (9th Cir. 2016) ("an adverse credibility determination may be supported by omissions that are not details, but new allegations that tell a much different—and more compelling—story of persecution" (citation and internal quotation marks omitted)). Daniel's explanations do not compel a contrary conclusion. *See Lata v. INS*, 204 F.3d 1241, 1245 (9th Cir. 2000). Thus, in the absence of credible testimony, in this case, Daniel's asylum and withholding of removal claims fail. *See Farah v. Ashcroft*, 348 F.3d 1153, 1156 (9th Cir. 2003).

In light of this disposition, we need not reach Daniel's contentions as to the agency's finding that he failed to establish a nexus to a protected ground. *See Simeonov v. Ashcroft*, 371 F.3d 532, 538 (9th Cir. 2004) (courts and agencies are not required to decide issues unnecessary to the results they reach).

Substantial evidence supports the agency's denial of Daniel's CAT claim because it was based on the same testimony found not credible, and the record does not otherwise compel the conclusion that it is more likely than not Daniel would be

tortured by or with the consent or acquiescence of the government if returned to Angola. *See Huang v. Holder*, 744 F.3d 1149, 1156 (9th Cir. 2014).

The record does not support Daniel's contentions that the agency failed to consider evidence, limited him from submitting evidence, or otherwise erred in the analysis of his claims.

Daniel's motion for an extension of time to file a reply brief (Docket Entry No. 21) is denied.

**PETITION FOR REVIEW DENIED.**